UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 09-551ML |
| | : | |
| STATE OF RHODE ISLAND, et. al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Civ. 72) is Plaintiff's Motion to Remand to State Court. (Document No. 4). Defendants City of Providence and Chief Dean Esserman (the "City Defendants") filed an Objection. (Document No. 7). Defendants State of Rhode Island and Officer Cute filed separate Objections joining in the Objection filed by the City Defendants. (Documents No. 10 and 12). The legal issue raised in Plaintiff's Motion is narrow and has been adequately framed in the parties' filings. Thus, I conclude that neither oral argument nor a hearing is necessary to, or would be of assistance in, resolving Plaintiff's Motion.

**Background**

Plaintiff filed this case in Rhode Island Superior Court on October 16, 2009. (Document No. 7-5). The crux of this action relates to Plaintiff's claim that a Providence Police Officer, identified as Officer Cute, submitted a false police report concerning a car accident involving Plaintiff which occurred on Broad Street in Providence on October 18, 2006. Plaintiff asserts constitutional claims of racial discrimination against the City of Providence, the Providence Police Department and

Officer Cute. See Document No. 7-5 at pp. 3-4.[1] On November 16, 2009, the City Defendants filed a Petition for Removal from Superior Court. (Document No. 1). The City Defendants then filed a Notice of Removal in the Rhode Island Superior Court as required by the federal removal statute, 28 U.S.C. § 1446(d). (Document No. 14 at 1.) The City Defendants' Petition includes a Certificate of Service, indicating that Plaintiff was served with copies of their removal documents.

Following the City Defendants' removal, the Federal Court was vested with jurisdiction, and proceedings in the Superior Court should have ceased. See 28 U.S.C. § 1446(d). For reasons unclear to this Court, the Superior Court continued to permit Plaintiff to litigate in that forum. For example, Plaintiff filed a Motion to Amend his Complaint on December 23, 2009 (Document No. 14 at p. 1), and following that, the State of Rhode Island moved to dismiss the matter in Superior Court. The City Defendants claim they were never notified of these filings. Despite the presence of a docketed removal notice, the Superior Court conducted a hearing on the State's Motion to Dismiss. At present, a portion of the State's Motion apparently remains pending in Superior Court.

On February 17, 2010, Plaintiff filed a Motion to Remand this matter to Superior Court. (Document No. 4). He argues that the City Defendants' removal to Federal Court was improper since the State of Rhode Island had not consented to removal, but had instead sought dismissal in Superior Court.[2] Faced with conflicting arguments on the procedural history of this case, the Court ordered the City Defendants to file a copy of the Rhode Island Superior Court docket sheet to verify

---

[1] Plaintiff brought these same claims in two prior lawsuits filed in this Court. See Pelumi v. City of Providence, C.A. No. 08-085ML and Pelumi v. State of R.I., C.A. No. 09-255ML. Both of those prior actions were dismissed as frivolous under 28 U.S.C. § 1915(e) and such dismissals were affirmed by the First Circuit Court of Appeals. See Appeal Nos. 08-1867 and 09-2122.

[2] As previously noted, the State recently filed a Notice joining in the City Defendants' Objection to the Motion for Remand. (Document No. 10). In addition, Officer Cute filed such a Notice and also reiterated his consent to removal. (Document No. 12).

that notice of removal was properly filed in Superior Court. The City Defendants complied with the Order, and the docket sheet reflects that the Notice of Removal was timely filed in Superior Court on November 16, 2009. (Document No. 14).

**Discussion**

The City Defendants properly removed this action in accordance with the requirements of 28 U.S.C. § 1446. Pursuant to 28 U.S.C. §1446(d), once removal is complete, "the State court shall proceed no further unless and until the case is remanded." The City Defendants cannot be faulted for the Rhode Island Superior Court's failure to cease taking action on this removed case. Accordingly, the fact that Plaintiff was permitted to amend his Complaint, and that the State was permitted to file a Motion to Dismiss does not have any impact on the City Defendants' right to removal and their proper and timely exercise of that right.

Plaintiff unconvincingly argues that removal is improper because the State did not initially join in the removal. At the time that the case was removed by the City Defendants, they reasonably believed that the only parties to the case were the City, Chief Esserman and Officer Cute. Although Plaintiff's case caption listed "State of Rhode Island, by and through its treasurer Stephen J. Napolitano," the City Defendants reasonably believed Plaintiff intended to name only the City of Providence. First, Mr. Napolitano is the Treasurer of the City of Providence and not the State; and second, there were no substantive allegations in the Complaint against the State of Rhode Island. (Document No. 7 at pp. 6-7). As a result, it was reasonable for the City Defendants to conclude that Plaintiff mistakenly named the State of Rhode Island and that all Defendants consented to the removal completed on November 16, 2009. Finally, since the Motion to Remand was filed, all Defendants have joined in the Objection to Plaintiff's Motion to Remand. Plaintiff's Complaint

specifically alleges a deprivation of his rights under the United States Constitution, i.e., a federal question within the meaning of 28 U.S.C. § 1331. Thus, the City Defendants had a right to remove and should not be divested of that right because subsequent proceedings took place in Superior Court contrary to 28 U.S.C. § 1446(d) or as a result of Plaintiff's inaccurate pleading in which he misnamed the State's Treasurer. The City Defendants timely and properly removed, and all present Defendants join in such removal request. Plaintiff has no legitimate basis upon which to contest removal of this federal question case. Thus, removal in this case was properly completed, and there is no cause for remand.

**Conclusion**

For the reasons stated, I recommend that Plaintiff's Motion to Remand be DENIED. (Document No. 4). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 30, 2010