UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HAKEEM PELUMI                                  :
                                               :
        v.                                     :       C.A. No. 09-551ML
                                               :
STATE OF RHODE ISLAND, et. al.                 :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Civ. 72) is Defendant State of Rhode Island's Motion to Dismiss Plaintiff's Complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Document No. 20). Plaintiff filed an Objection. (Document No. 21). The legal issue raised in the State's Motion is narrow and has been adequately framed in the parties' filings. Thus, I conclude that neither oral argument nor a hearing is necessary to, or would be of assistance in, resolving the State's Motion to Dismiss.

**Background**

Plaintiff filed this case in Rhode Island Superior Court on October 16, 2009. (Document No. 7-5). The crux of this action relates to Plaintiff's claim that a Providence Police Officer, identified as Officer Cute, submitted a false police report concerning a car accident involving Plaintiff which occurred on Broad Street in Providence on October 18, 2006. Plaintiff asserts constitutional claims of racial discrimination against the City of Providence, the Providence Police Department and

Officer Cute. See Document No. 7-5 at pp. 3-4.[1] On November 16, 2009, the City Defendants filed a Petition for Removal from Superior Court. (Document No. 1).

**Discussion**

The State moves for dismissal of Plaintiff's Complaint as to it exclusively under Rule 12(b)(6), Fed. R. Civ. P. Under Rule 12(b)(6), Fed. R. Civ. P., the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Iqbal, 129 S. Ct. at 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").

The State presents three well-supported arguments in support of its request for dismissal of Plaintiff's Complaint as to it. First, the State accurately points out that Plaintiff's Complaint does

---

[1] Plaintiff brought these same claims in two prior lawsuits filed in this Court. See Pelumi v. City of Providence, C.A. No. 08-085ML and Pelumi v. State of R.I., C.A. No. 09-255ML. Both of those prior actions were dismissed as frivolous under 28 U.S.C. § 1915(e) and such dismissals were affirmed by the First Circuit Court of Appeals. See Appeal Nos. 08-1867 and 09-2122.

not contain any substantive allegations against it and is focused on a challenge to certain actions allegedly undertaken by a police officer employed by the City of Providence.  Second, the State correctly argues that neither it nor its officers, agents or employees, who are named in their official capacities, are subject to suit under 42 U.S.C. § 1983 because "neither a state agency nor a state official acting in his official capacity may be sued for damages in a Section 1983 action."  Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009).  Finally, the State points out that Plaintiff's claim against it is barred by 11th Amendment immunity.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).

      Plaintiff does not directly dispute any of the State's arguments for dismissal.  Rather, Plaintiff argues that the State is a proper party to this suit because the discriminatory actions of Officer Cute deprived him of constitutionally protected rights, and Officer Cute was acting under the authority of state law.  More specifically, Plaintiff's argument is that the State is being sued through its Treasurer "because Officer Cute who discriminatingly lied on the Police report is a member of Providence Police Force which in turn is an agency all under the State of Rhode Island and under the color of State law." (Document No. 21 at p. 4).  Although the City of Providence is a political subdivision of the State of Rhode Island, it is an independent governmental entity, and the State is not vicariously liable for the allegedly unlawful actions of the City or one of its employees.  Plaintiff's argument is not legally supported, and his Complaint does not contain any factually or legally viable claims against the State of Rhode Island.  Thus, it should be dismissed as to the State of Rhode Island and I so recommend.

**Conclusion**

For the reasons stated, I recommend that the State of Rhode Island's Motion to Dismiss be GRANTED. (Document No. 20). In addition, I recommend that Plaintiff's unsupported Motion for Declaratory Judgment in his favor contained in his Objection (Document No. 21) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 17, 2010