UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HAKEEM PELUMI                          :
                                       :
        v.                             :        C.A. No. 09-551ML
                                       :
STATE OF RHODE ISLAND, et al.          :


**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**Background**

In March 2008, Plaintiff Hakeem Pelumi filed seven Complaints in this Court. (See C.A. Nos. 08-84, 08-85, 08-86, 08-87, 08-105, 08-106, 08-107). Plaintiff's Complaint in C.A. No. 08-85 alleged, inter alia, wrongdoing on the part of the Providence Police concerning a 2006 car accident that occurred on Broad Street. Specifically, Plaintiff alleged that a Providence Police Officer "willfully and negligently lied on the police report with intent to cover up the accident as to exactly what really happened." C.A. No. 08-85, Document No. 4 at ¶ 9. After an initial review of all of the Complaints, the Court recommended that each of the seven Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The District Court adopted the Report and Recommendation over Objection, and Plaintiff appealed to the First Circuit Court of Appeals. On March 4, 2009, Plaintiff's appeal to the First Circuit was denied.

On June 1, 2009, Plaintiff filed five new Complaints in this Court. (See C.A. Nos. 09-255, 09-256, 09-257, 09-258, 09-259). Plaintiff's Complaint in C.A. No. 09-255 also concerned the 2006 car accident on Broad Street in Providence. In that case, Pelumi alleged that the Providence Police filed a "racially discriminatingly false report with the intent to cover up the accident as to exactly how and where the accident took place." See Document No. 1 at ¶ 10 in C.A. No. 09-255. After

an initial review of the Complaints, the Court recommended that each of the five Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The District Court adopted the Report and Recommendation over Objection, and Plaintiff appealed to the First Circuit Court of Appeals on August 14, 2009. On October 13, 2009, Plaintiff's appeal to the First Circuit was denied.

On October 20, 2009, Plaintiff filed the instant Complaint in Rhode Island Superior Court. Defendants removed the case to this Court on November 16, 2009. The facts alleged in the present Complaint are not new. This case arises out of the same automobile accident that occurred on October 18, 2006 on Broad Street in Providence. Specifically, in this case, Pelumi alleges that a Providence Police Officer "discriminatingly, willfully, or negligently lied" on the police report and falsely stated exactly how and where the accident took place. (Document No.1-1 pp. 2-3). In his previous Complaints, Plaintiff alleged racial bias by Defendants, a claim which he does not present in this Complaint. (Document No.1-1).

In this case, the Court previously granted a Motion to Dismiss filed by the State of Rhode Island. (Document Nos. 25, 28). The remaining Defendants, the Providence Police Department, Officer Matthew Cute and Chief of Police Dean Esserman then filed the pending Motion for Summary Judgment. (Document No. 41). Plaintiff filed an Objection and a "Supplemental Response." (Document Nos. 43, 44). The Motion has been referred to the Court for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. The Court has determined that no hearing is necessary to resolve the Motion. After reviewing the Motion, the Objection and the relevant legal authority, this Court recommends that Defendants' Motion for Summary Judgment (Document No. 41) be GRANTED.

**Standard of Review**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257, 106 S. Ct. 2505, 2514-2515, 91 L. Ed. 2d 202 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v.

R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**Discussion**

Defendants assert that the newly filed Complaint is barred by the doctrine of res judicata. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in [a previous] action." Apparel Art Int'l, Inc. v. Amertex Enter. Ltd., 48 F.3d 576, 583 (1st Cir. 1995). Res judicata provides a "strong incentive" for parties to "plead all factually related allegations and attendant legal theories for recovery the first time they bring suit." Id. The doctrine also serves important policy purposes such as relieving litigants of the "cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication." Id. quoting Allen v. McCurry, 449 U.S. 90, 94 (1980).

A claim will be barred on res judicata grounds when a three-part test is met: first, there must be a final judgment on the merits in an earlier action; second, the causes of action in both the earlier and later suits must be sufficiently identical; and third, the parties to the two suits must be sufficiently identical. Id. See also Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991).

In this case, the first part of the three-part test is easily satisfied, as a final judgment on the merits was entered in favor of Defendants in the two previous Complaints filed by Plaintiff regarding the 2006 accident. (C.A. Nos. 08-85 and 09-255). The second prong of the test requires the Court to consider whether the earlier and later filed suits contain claims that are sufficiently identical. The First Circuit Court of Appeals has held that the "transactional approach" defines a cause of action. In other words, when "the facts form a common nucleus that is identifiable as a transaction or series of related transactions," then those facts constitute one cause of action. Apparel Art, 48 F. 3d at 584. Thus, in determining whether two causes of actions are distinct, a court must analyze whether the "party has advanced claims in multiple litigations which derive from the same nucleus of operative facts." Id. The factors to be considered in this analysis include: "(1) whether the facts are related in time, space, origin or motivation; (2) whether the facts form a convenient trial unit; and (3) whether treating the facts as a unit conforms to the parties' expectations." Id. As outlined in the Facts section above, the facts and allegations presented in the newly-filed suit are sufficiently identical to those presented in the previous Complaints. Specifically, the newly-filed Complaint contains identical factual averments as the previous Complaints. Although there are minor changes in the facts and the claims presented, the predominant change from the previous Complaints to the present Complaint is that Plaintiff consolidated his claims into two counts. He used the opportunity to cut out some of the other counts previously alleged, and he realleged the remaining counts. This minor change does not alter the Court's analysis, since this is a claim that has been raised in the earlier actions. See Allen, 449 U.S. at 94. Thus, the causes of actions are sufficiently identical.

Finally, the third prong of the test requires that the Court consider whether the parties to the earlier and later filed suits are sufficiently identical. In this case, the caption lists the Defendants as "State of Rhode Island through it's [sic] Treasurer, Stephen J Napolitano; Dean Esserman as chief of Providence Police Department; Officer Cute, individually and in his official capacity." (Document No. 1-1 at 1). In C.A. No. 08-85, the case caption lists the Defendants as "State of Rhode Island, City of Providence through its Treasurer, Frank Caprio; Providence Police Department; Dean Esserman as Chief of Providence Police Department; Officer Cute individually and in his official capacity." (C.A. No. 08-85, Document No. 4 at 1). In C.A. No. 09-255, the case caption lists the Defendants as "State of Rhode-Island, City of Providence, through it's Treasurer, Stephen J Napolitano; Providence Police Department; Dean Esserman as Cief [sic] of Providence Police Department; Officer Cute individually and in his official capacity; Jamie Coher individually as a New York citizen." (C.A. No. 09-255, Document No. 1 at 1). Comparing the suits, Plaintiff has sued substantially the same parties in this case as he did in those prior cases that were dismissed by this Court. Accordingly, all three parts of the test are satisfied, and res judicata precludes Plaintiff from relitigating the claims presented in the instant Complaint which were unsuccessfully pursued by Plaintiff in prior cases.

**Conclusion**

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (Document No. 41) be GRANTED. I also recommend that the Court direct the entry of final judgment in favor of all named Defendants and against Plaintiff on all counts in his Complaint.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72; LR Cv 72(d).

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the

District Court and the right to appeal the District Court's decision.  See United States v. Valencia-

Copete, 792 F.2d  4, 6 (1ˢᵗ Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605

(1ˢᵗ Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 30, 2011